**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**JERRY JOHNSON,**

      **Petitioner,**

**v.**                                   **Civil Action No. 1:12-CV-45
Criminal Action No. 1:07-CR-104-5
(Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Civ. Doc. 22; Cr. Doc. 412]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on September 25, 2012 [Civ. Doc. 22; Cr. Doc. 412]. In that filing, the magistrate judge recommended that this Court deny the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Cr. Doc. 365] and dismiss this case with prejudice [Civ. Doc 22 at 10; Cr. Doc. 412 at 10].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Service was accepted on September 26, 2012 [Civ. Doc. 23; Cr. Doc. 413], and petitioner timely filed his objections on October 10, 2012 [Civ. Doc. 24; Cr. Doc. 416].  Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review.  The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On January 22, 2008, the petitioner entered a plea of guilty to aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) as well as 18 U.S.C. § 2 [Cr. Docs. 60, 67, and 69].  On March 27, 2009, the Court conducted a sentencing hearing [Cr. Doc. 215].  Although the petitioner's sentence guideline range was a term of imprisonment of 151 to 188 months [Cr. Doc. 219 at 1], the Court varied downward and sentenced the petitioner to five years of probation [Cr. Doc. 218 at 2].

On April 26, 2010, the Court held a revocation hearing to consider revoking the petitioner's probation [Cr. Docs. 276 and 277] based upon a petition for revocation that was filed by the Government on November 20, 2009 [Cr. Doc. 236].  At the hearing, the Court reviewed the alleged violations with the petitioner [Cr. Doc. 304 at 5].  The first alleged violation was a violation of the mandatory condition that the petitioner not commit another

2

federal, state, or local crime based upon the petitioner's attempt to force a woman into his vehicle [Cr. Doc. 250 at 1-5].  The second alleged violation was a violation of a standard condition that the defendant notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer [*Id.* at 5].  The third alleged violation was a violation of a special condition that the defendant participate in a program of testing, counseling, and treatment for the use of alcohol or drugs if so ordered by his probation officer based upon his failure to report for a drug test on November 19, 2009 [*Id.*].  With regard to the alleged first violation, the petitioner admitted to a misdemeanor offense of domestic battery, which he argued more accurately reflected the conduct than attempted kidnapping or abduction [Cr. Doc. 304 at 6].  The petitioner admitted to the conduct alleged in the second and third violations [*Id.* at 6-7].

Prior to accepting the petitioner's admission to the violations, the Court reviewed the petitioner's career offender status and the 151 to 188 month term of imprisonment range to which he was subject [Cr. Doc. 304 at 5, 6-7].  The Court noted that during the initial sentencing, the Court varied the petitioner's sentence to probation and had informed the petitioner that if his probation were revoked, he would be subject to his original 151 to 188 month sentencing range [*Id.* at 6-7].  The Court then stressed that the petitioner would be subject to this 151 to 188 month sentencing range by admitting the violations [*Id.* at 7]. After stating that he understood, he admitted to the violations [*Id.*].  The Government requested revocation of the petitioner's probation and recommended a sentence at the low end of the guideline range [*Id.* at 8-9].  The Court then heard testimony from the petitioner's wife [*Id.* at 10-15] as well as the petitioner [*Id.* at 15-33].  During the petitioner's testimony, he stated that he understood that the Court could sentence him to "whatever is within [its] discretion"

3

[*Id.* at 24].

The Court found that "[the petitioner's] probation should be revoked based on his admissions to the three violations . . ." [Cr. Doc. 304 at 35].  The Court then examined what the appropriate sentence would be for the petitioner [*Id.* at 35-39].  In doing so, the Court reviewed the factors that led the Court to issue a sentence of probation at the initial sentencing hearing and noted that the petitioner no longer exhibited those factors that indicated that he was turning his life around [*Id.* at 36-38].  The Court further noted that, upon a review of "every reason why the guidelines previously placed [the petitioner] at a career offender level," it found no reason to alter from that career offender level [*Id.* at 38].  As such, the Court revoked the petitioner's probation and stated that it intended to sentence the petitioner to 151 months of incarceration, the low end of the guideline range [*Id.* at 39].[1]  The Court inquired whether the Government had any objections or whether the defendant had "any other remarks or objections" [*Id.* at 41].  Both parties answered in the negative [*Id.* at 41-42].  At that time, the Court sentenced the petitioner to 151 months of incarceration, with credit awarded for time served from December 1, 2009, to the date of

---

[1]The Court noted that, at the time of the petitioner's initial sentencing hearing, the petitioner's base offense level was 14 based upon the fact that 0.97 grams of crack was involved in the offense [Cr. Doc. 304 at 39-40].  After a review of whether pending modifications to the crack guidelines would have an impact on the petitioner's sentence, the Court concluded that there was no potential impact [*Id.*].  The Court also reviewed with the petitioner the enhancement and reduction to the base offense level that ultimately led to the total offense level of 29 at his initial sentencing [*Id.* at 40].  The Court further noted that the petitioner's criminal history category, regardless of a career offender status, was a VI at the petitioner's sentencing [*Id.*].  This information resulted in a guideline range at the petitioner's initial sentencing hearing of 151 to 188 months of incarceration and three years of supervised release [*Id.* at 40].  The Court concluded at the petitioner's revocation hearing that the low end of that range was a reasonable sentence, with credit awarded for time served from December 1, 2009, to the date of the revocation hearing [*Id.*].

the revocation hearing, and three years of supervised release immediately following his release from prison [*Id.* at 42].

The petitioner filed a timely appeal of his sentence on May 5, 2010 [Cr. Doc. 281]. On May 4, 2011, the Untied States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the sentence by unpublished *per curiam* opinion [Cr. Doc. 341].  In its ruling, the Fourth Circuit noted that, "[w]hen a defendant violated terms of his probation, the district court may revoke the probationary period and resentence the defendant to a term of imprisonment up to the statutory maximum for the original offense" [*Id.* at 2, citing 18 U.S.C. § 3565(a) and ***United States v. Moluden***, 478 F.3d 652, 657 (4th Cir. 2007)].  On June 24, 2011, the Fourth Circuit denied the petitioner's request for rehearing [Cr. Doc. 347].  On October 31, 2011, the United States Supreme Court denied certiorari.  *See* ***Johnson v. United States***, 132 S.Ct. 530 (2011).

On March 15, 2012, the petitioner timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correction Sentence [Civ. Doc. 1; Cr. Doc. 365].  In his petition, the petitioner makes three claims: (1) ineffective assistance of counsel at the state level, (2) ineffective assistance of federal counsel for failing to meaningfully investigate criminal history, and (3) actual innocence of a predicate for sentencing as a career offender [*Id.* at 4-8].  The Government filed a Motion to File Response to 2255 Out of Time [Civ. Doc. 9; Cr. Doc. 379].  The Government was granted leave to file its Response to Petitioner's Motion Made Pursuant to 28 USC 2255 [Civ. Doc. 14; Cr. Doc. 385] out of time [Civ. Doc. 10; Cr. Doc. 380].  The petitioner filed his Opposition to Government's Response to Petitioner's 28 U.S.C. 2255 [Civ. Doc. 21; Cr. Doc. 393] on August 10, 2012.  On

September 25, 2012, Magistrate Judge Seibert issued the R&R, in which he recommended that this Court deny the petitioner's § 2255 petition [Civ. Doc. 22 at 10; Cr. Doc. 412 at 10]. The petitioner filed timely objections to the R&R [Civ. Doc. 24; Cr. Doc. 416] on October 10, 2012.  On May 6, 2013, the above-captioned proceedings were transferred to the docket of the undersigned [Civ. Doc. 25; Cr. Doc. 421].  On May 23, 2013, the petitioner filed a Motion for Immediate Release or Release During the Pendency of Petitioner's Motion to Vacate, Set-Aside, or Correct Conviction or Sentence Under 28 U.S.C. § 2255 [Civ. Doc. 27; Cr. Doc. 424].

## II.  Applicable Law

### A.  Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255.  A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence."  ***Sutton v. United States***, 2006 WL 36859, *2 (E.D.Va. Jan. 4. 2006) (internal citations omitted).

### B.  Waiver of Right to File Section 2255 Petition

The Fourth Circuit has held that a waiver of appeal rights contained in a plea agreement is valid and enforceable so long as the waiver is knowing and intelligent. *See **United States v. Attar***, 38 F.3d 727, 731 (4th Cir. 1994).  Whether a waiver is

knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." ***Id.*** (internal citations omitted) (alterations in original).   A valid waiver does not restrict a defendant from seeking apellate review of certain limited grounds, including proceedings that follow the entry of the guilty plea that were conducted in violation of the individual's Sixth Amendment right to counsel. ***Id.*** at 732.   The Fourth Circuit has extended this reasoning to waivers of collateral attack rights. ***United States v. LeMaster***, 403 F.3d 216, 220 (4th Cir. 2005).

## C.  Ineffective Assistance of Counsel

"The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." ***Strickland v. Washington***, 466 U.S. 668, 686 (1984).  The defendant must show that (1) the attorney's performance was deficient and (2) the deficient performance prejudiced the defendant [***Id.*** at 687].   For the first prong of the test, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." ***Id.*** at 687-88.  For the second prong of the test, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** at 694.  If a defendant cannot satisfy the prejudice prong of the ineffective assistance of counsel test, a court does not need to address the performance prong. ***Fields v. Attorney General of State of Md.***, 956 F.2d 1290 (4th Cir. 1992).

7

### III.  Discussion

#### A.  Waiver in the Plea Agreement

In the R&R, the magistrate judge concluded that most of the petitioner's claims were barred by the valid waiver provisions of his plea agreement [Civ. Doc. 22 at 4-8; Cr. Doc. 412 at 4-8].  The magistrate judge concluded that only the petitioner's claims arising after the entry of his guilty plea[2] could fall outside the scope of the waiver [*Id.* at 4, 8-10].  In his objections to the R&R, the petitioner argues that the waiver in his plea agreement is not valid [Civ. Doc. 24 at 1; Cr. Doc. 416 at 1].  In particular, the petitioner argues that the waiver was not knowing and intelligent because he did not know his sentence yet [*Id.* at 2 (citing ***Raynor v. Lewis***, 989 F.Supp. 43 (D.C. Cir. 1997)].  In addition, the petitioner argues that his base offense level was 29, not 14 or lower [*Id.* 1, 2].  The petitioner also argues that all of his claims fall outside the scope of the waiver [*Id.* at 1].

To the extent that the petitioner argues that his waiver was not valid because he did not yet know his sentence, this Court notes that the Fourth Circuit has ruled that such a waiver in a plea agreement is valid prior to the sentencing hearing so long as the individual understands what he or she is waiving.  *See **United States v. Attar***, 38 F.3d 727, 731 (4th Cir. 1994), ***United States v. LeMaster***, 403 F.3d 216, 220 (4th Cir. 2005), and ***United States v. Blick***, 408 F.3d 162, 169 (4th Cir. 2005).  Furthermore, the petitioner entered a non-binding plea agreement, which did not specify a binding sentence recommendation by the Government [*See* Cr. Doc. 69].  Moreover, the petitioner stated on multiple occasions

---

[2]These claims include the petitioner's argument that his federal attorney provided ineffective assistance by failing to investigate the petitioner's criminal history, thereby causing the petitioner to be sentenced as a career offender.

during the plea hearing that he fully understood that he would not know what sentence he would receive until the sentencing hearing [*See* Cr. Doc. 375 at 34].   As such, the petitioner's waiver is not invalid simply because the petitioner did not know what sentence the Court would impose at the sentencing hearing at a later date.

The petitioner correctly states that he waived the right to appeal or collaterally attack his sentence if his base offense level was 14 or lower.   This fact was noted in the plea agreement [Cr. Doc. 69] and was further reiterated at the plea hearing [Cr. Doc. 375 at 10]. However, the petitioner is not correct in stating that his base offense level was 29.   The petitioner's base offense level was determined to be 14 [Cr. Doc. 376 at 6].   After a reduction for timely acceptance of responsibility and an enhancement for career offender status, the petitioner's total offense level was 29 [*Id.* at 6-7].[3]   As such, the petitioner is confusing his total offense level with his base offense level.

Although the petitioner argues that all of his claims fall outside the waiver provision, he does not elaborate upon how his claims that arise from conduct preceding the plea hearing are not subject to the waiver provisions [*See* Civ. Doc. 24; Cr. Doc. 416].   As noted by the magistrate judge in the R&R, only claims arising after the entry of the guilty plea may fall outside the scope of the waiver provisions of the plea agreement. *See **Attar***, 38 F.3d at 732.[4]   As such, this Court agrees with the magistrate judge's conclusion that the

_____

[3] With a total offense level of 29 and a criminal history category of VI, the petitioner's guideline range was 151 to 188 months of incarceration, to be followed by three years of supervised release [Cr. Doc. 376 at 7].

[4] To the extent that the petitioner is agreement with the magistrate judge's conclusion that claims arising after the entry of the petitioner's guilty plea may fall outside the scope of the waiver, this Court addresses this issue in Section III.B. of this Order.

petitioner's claims arising from actions prior to the plea agreement are barred by the waiver provisions of the plea agreement.   Accordingly, this Court hereby **OVERRULES** the petitioner's objections [Civ. Doc. 24; Cr. Doc. 416] regarding this issue.

### B.  Career Offender Enhancement

The magistrate judge concluded that the petitioner's claim that his federal attorney provided ineffective assistance by failing to investigate the petitioner's criminal history and causing the petitioner to be sentenced as a career offender was the only claim that might fall outside the scope of the waiver [Civ. Doc. 22 at 4, 8-10; Cr. Doc. 412 at 4, 8-10]. However, the magistrate judge found that this claim failed because the transcript of the initial sentencing hearing indicates that both counsel and the Court reviewed the career offender enhancement with the petitioner, who indicated on the record that he fully understood the implication of the career offender enhancement [*Id.* at 9-10].  In addition, the magistrate judge noted that the petitioner's counsel appealed his sentence up to the Supreme Court of the United States [*Id.* at 10].  As a final matter, the magistrate judge found that the petitioner could not establish any prejudice that resulted from the actions of the petitioner's attorney [*Id.*].

In his objections, the petitioner makes the following arguments: (1) although he admitted to his prior state court convictions, he did not admit to the fact that the prior convictions were the type that could be used to enhance his federal sentence [Civ. Doc. 24 at 4, 6; Cr. Doc. 416 at 4, 6]; (2) he received no fair opportunity to challenge the enhanced sentence [*Id.* at 5]; (3) the enhancement is unconstitutional because it was not agreed to by the petitioner and he was not found guilty by a jury [*Id.* at 6-7]; and

(4) prejudice should be presumed because there was no argument regarding the career offender enhancement and no adversarial testing by his attorney [*Id.* at 4, 6].

This Court first notes that a review of the plea hearing transcript and the sentencing hearing transcript demonstrate that the petitioner was fully aware that he might be subject to the career offender enhancement and was provided the opportunity to argue against the career offender enhancement.  At the plea hearing, the Court reiterated that the petitioner was waiving the right to appeal a sentence if his base offense level was 14, even if the career offender enhancement established a higher total offense level [Cr. Doc. 375 at 14, 18-19].  The petitioner stated on the record that he fully understood the waiver and had discussed this with his attorney prior to the plea hearing [*Id.* at 19].  In addition, the Court discussed the career offender enhancement in great detail with the petitioner during the plea hearing [*Id.* at 16-23].  The petitioner stated under oath that he and his attorney had discussed the career offender status prior to the plea hearing and that he was aware that his guideline range could be higher based upon his criminal history [*Id.* at 17-18].  In addition, counsel for the petitioner reiterated that he and the petitioner discussed the career offender enhancement and informed the Court that they assumed that it would apply [*Id.* at 21-22].  After hearing his attorney say this, the petitioner informed the Court that he understood that he was waiving his appellate and collateral review rights even if the career offender enhancement were applied in his case [*Id.* at 23].  The petitioner also stated on the record that he was satisfied with his attorney's performance [*Id.* at 34].  As such, the petitioner has not established that his attorney was deficient in his performance in representing the petitioner.

With regard to the petitioner's argument that the enhancement is not constitutional

because he was not found guilty by a jury, this Court notes that the jury is not typically who determines the appropriate sentencing guideline range.  Moreover, at the plea hearing, the Court reviewed with the petitioner his right to proceed to trial before a jury and the fact that he would be giving up those rights by entering a plea of guilty [Cr. Doc. 375 at 26-28]; the petitioner stated on the record that he understood and tendered a plea of guilty [*Id.* at 28, 33].

To the extent that the petitioner argues that prejudice should be presumed, this Court notes that the petitioner states in his objections that, if his attorney had argued against the career offender enhancement in the pretrial stages of the proceeding, then "[he] may or may not be sentenced as a career offender today."  This is a far cry from establishing the prejudice prong of an ineffective assistance of counsel claim by demonstrating that the outcome would have been different but for the alleged deficient performance.  Furthermore, the violations to which the petitioner admitted did not form a basis for his resentencing [*See* Section I of this Order].  As such, the petitioner cannot establish any prejudice from actions following the entry of his guilty plea with regard to his resentencing.  For the foregoing reasons, this Court agrees with the magistrate judge's conclusion that the petitioner fails to establish an ineffective assistance of counsel claim arising from the actions of his attorney following the plea agreement.  Accordingly, this Court hereby **OVERRULES** the petitioner's objections [Civ. Doc. 24; Cr. Doc. 416] on this issue.

### C.  Evidentiary Hearing

As a final matter, the petitioner argues that this Court should have an evidentiary

hearing before dismissing the petition [Civ. Doc. 24 at 3, 7; Cr. Doc. 416 at 3, 7].  However, this Court concludes that the petitioner has not demonstrated enough to entitle him to an evidentiary hearing.  Section 2255 provides in pertinent part that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255; *see also* **United States v. Magini**, 973 F.2d 261, 264 (4th Cir. 1992) (stating that a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [him] to relief").  But, if it is clear from the pleadings, files, and records that the movant is entitled to no relief, a hearing is not necessary. **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970).  As previously noted in Sections III.A. and III.B. of this Order, it is clear that the petitioner is not entitled to relief; therefore, this Court is not required to conduct an evidentiary hearing before denying the petitioner's petition and dismissing this case.  Accordingly, this Court hereby **OVERRULES** the petitioner's objections [Civ. Doc. 24; Cr. Doc. 416] on this issue.

### IV.  Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 22; Cr. Doc. 412]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Further, the plaintiff's Objections **[Civ. Doc. 24; Cr. Doc. 416]** are **OVERRULED**.  Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 **[Civ. Doc. 1; Cr. Doc. 365]** is **DENIED**.   In addition, the petitioner's Motion Requesting Sentencing Transcript(s), Plea Agreement and All Records of Appeal Process **[Cr. Doc. 312]**[5] **and** the petitioner's Motion for Immediate Release or Release During the Pendency of Petitioner's Motion to Vacate, Set-Aside [*sic*], Or Correct Conviction or Sentence Under 28 U.S.C. §2255 **[Civ. Doc. 27; Cr. Doc. 424]** are hereby **DENIED and DISMISSED as moot**.   As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.   The Clerk is directed to enter a separate judgment in favor of the respondent.   As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:**   June 11, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]*See* Cr. Docs 373, 375, 376, 377, 378, 390, and 392 for petitioner's second request for documents, this Court's Order granting the petitioner's request for free copies, and various related documents, including the requested files and evidence of the petitioner's receipt of such files.